**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN SIGGERS,** | ) | **C.A. No. 03-355 Erie** |
| | ) | **(Judge Susan Paradise Baxter)** |
| **Plaintiff** | ) | |
| | ) | **ELECTRONICALLY FILED PLEADING** |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **AMENDED COMPLAINT** |
| **JOHN LAMANNNA,** | ) | |
| **DEBORAH FORSYTH,** | ) | **Filed on behalf of:  Plaintiff Kevin Siggers** |
| **MARTY SAPKO, and** | ) | |
| **STEPHEN HOUSLER,** | ) | **Counsel of record for this party:** |
| | ) | **Richard A. Lanzillo, Esq.** |
| **Defendants** | ) | **Knox McLaughlin Gornall** |
| | ) | **& Sennett, P.C.** |
| | ) | **120 West 10th Street** |
| | ) | **Erie, PA  16501** |
| | ) | **Telephone  (814) 459-2800** |
| | ) | **Facsimile (814) 453-4530** |
| | ) | **Email: rlanzill@kmgslaw.com** |
| | ) | **PA53811** |

**<u>AMENDED COMPLAINT</u>**

AND NOW, comes the plaintiff, Kevin Siggers, by and through his counsel, Knox

McLaughlin Gornall & Sennett, P.C., and files the following as his Amended Complaint:

**<u>PARTIES</u>**

1.      Plaintiff, Kevin Siggers, is an adult individual who, at all times relevant to

this action, was a citizen of the United States committed as a prisoner to the custody of the U.S.

Attorney General, and a resident of the Federal Bureau of Prisons, Federal Correctional

Institution – McKean, P.O. Box 8000, Bradford, PA  16701-0980 (FCI – McKean).

2.      Defendant John Lamanna is an adult individual and Chief Executive Officer ("Warden") for FCI-McKean, and, at all times relevant hereto, acted as an agent and employee of the Federal Bureau of Prisons and the United States of America.

3.      Defendant Deborah Forsyth is an adult individual and Superintendent of Industries at the UNICOR facility, located at FCI-McKean, and, at all times relevant hereto, acted as an agent and employee of the Federal Bureau of Prisons and the United States of America.

4.      Defendant Marty Sapko is an adult individual and Factory Manager at the UNICOR facility, located at FCI-McKean, and, at all times relevant hereto, acted as an agent and employee of the Federal Bureau of Prisons and the United States of America.

5.      Defendant Stephen Housler is an adult individual and the Safety Manager at the UNICOR facility, located at FCI-McKean, and, at all times relevant hereto, acted as an agent and employee of the Federal Bureau of Prisons and the United States of America.

6.      Defendant United States of America was, at all times relevant hereto, the operator of FCI-McKean and the employer of the individual defendants and is subject to suit pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.*

## JURISDICTION

7.      This Court has jurisdiction of this matter pursuant to Title 28 U.S.C. § 1331(a) and 1361, Bivens v. Six Unknown Federal Narcotics Agents**,** 403 U.S. 338, 91 S.Ct 1999 (1971), and 28 U.S.C. § 1346(b).

## ADMINISTRATIVE REMEDIES

8.    Plaintiff has exhausted his administrative remedies with respect to the claims set forth herein in accordance with the Prison Litigation Reform Act, 42 U.S.C. §1997 *et seq.* and 28 C.F.R. §§ 542.10-542.19.

## FACTS

9.    Plaintiff was designated to FCI-McKean on October 21, 1998 and remained incarcerated at that facility at all times relevant to this case.

10.    FCI-McKean is a Federal Institution as defined in 28 C.F.R. § 500.1(d) and is subject to the standards or conduct and care mandated by 18 U.S.C § 4042.

11.    On or about March 23, 1999, plaintiff was assigned to FCI-McKean's UNICOR facility, which engages in various aspects of the manufacture of furniture products.

12.    As part of his job responsibilities at UNICOR, plaintiff regularly handled and worked with materials commonly known as Micore board, particleboard or tac-board.

13.    On or about November 13, 2001, plaintiff was assigned to operate the panel saw at the UNICOR facility, which assignment required plaintiff to cut and saw Micore boards exclusively.

14.    At the time of plaintiff's assignment to the UNICOR facility and as a panel saw operator, defendants knew or were on notice that the materials and processes in use at the facility exposed plaintiff and other workers to serious risks and hazards, including exposure to silica dust, a known carcinogen and a cause of serious respiratory ailments and conditions and other health problems.

15.    Plaintiff's operation of the panel saw and other tasks exposed him directly to silica dust and other dangerous byproducts of the manufacturing process in concentrations greater than dust and material otherwise present in the ambient air of the facility.

16.    Plaintiff and other workers were regularly instructed to clean machinery and work areas using pneumatic or other compressed air equipment, as well as brooms.  These required cleaning activities further exacerbated exposure of plaintiff and other workers to airborne silica dust and other dangerous manufacturing byproducts.

17.    The ventilation in the UNICOR facility was insufficient to prevent the noticeable and dangerous airborne accumulation of silica dust and other manufacturing byproducts.

18.    The Material Safety Data Sheet (MSDS) for the Micore board and particleboard directed the use of respirators for individuals working in the conditions that were present at UNICOR.

19.    At the time of plaintiff's assignment to UNICOR, defendants failed to inform or advise him concerning the risks and hazards associated with his employment at UNICOR in general or his operation of the panel saw, in particular, or concerning the contents of the relevant MSDS.

20.    Based upon information and belief, one or more of the defendants altered the Micore board MSDS by crossing out the word "respirator" under the section devoted to personal protection and replacing it with the word "dust" in order to falsely indicate to UNICOR workers that dust masks provided sufficient protection against inhalation of the airborne silica dust and other dangerous manufacturing byproducts that were present at in the UNICOR facility.

4

21.     Throughout plaintiff's employment at the UNICOR facility, defendants had available respirators that complied with the requirements of the MSDS, but failed and refused to make the respirators available to plaintiff and certain other workers.

22.     The only respiratory protection provided to plaintiff was a "Breathe Easy" garden mask, which mask did not protect against silica, toxic or hazardous air contaminants and did not comply with the express requirements of the original MSDS for Micore board.

23.     Defendants similarly failed to instruct or advise plaintiff or his co-workers concerning proper clean-up procedures, material handling procedures, procedures for the washing and handling of clothing worn during the handling and/or processing of Micore board or procedures concerning the avoidance or minimization of dust as a byproduct from the processing of Micore board and other materials.

24.     Defendants' actions and omissions relative to the dangers and hazards associated with Micore board were part of an overall pattern of deliberate indifference by defendants to the safety and health of workers at the UNICOR facility, which pattern included *inter alia* (1) allowing the accumulation of flammable vapors in the work area in violation of 29 C.F.R. §1910.106(e)(6)(i); (2) failure to provide appropriate instructions and training regarding chemicals in use at the workplace in violation of 29 C.F.R. §1910.1200(h)(2)(ii) and 29 C.F.R. §1910.1200(h); (3) allowing obstruction of proper airflow and air filtration within certain work areas in violation 29 C.F.R. §1910.107(b)(1); (4) permitting installation of combustible materials within the spray booth of the UNICOR facility in violation of 29 C.F.R. §1910.107(b)(1); (5) failing to include appropriate sprinkler equipment in certain areas of the facility in violation of 29 C.F.R. §1910.107(b)(5)(iv); (6) allowing improper storage and obstructions around the paint booth of the facility in violation of 29 C.F.R. §1910.107(b)(9); (7) allowing combustible

residue from manufacturing to accumulate in work areas in violation of 29 C.F.R.

§1910.107(g)(2); (8) failing to provide and/or require use of protective equipment where

reasonably necessary for the protection and safety of workers in violation of 29 C.F.R.

§1910.132(a); (9) failure to observe required "lock-out/tag-out" procedures for the protection and

safety of workers in violation of 29 C.F.R. §1910.147(d)(4)(i); (10) allowing storage of materials

in a manner and location that created an unreasonable risk of fire or combustion within the

facility in violation of 29 C.F.R. §1910.176(b), 29 C.F.R. §1910.252(a)(2)(vii), and 29 C.F.R.

§1910.303 (g)(1)(i); (11) requiring operation of machines and other equipment within the facility

that lacked proper guarding or other safety devises reasonably necessary for the protection and

safety of workers in violation of 29 C.F.R. §1910.212(a)(1), 29 C.F.R. §1910.212(a)(3)(ii), 29

C.F.R. §1910.213(r)(4), and 29 C.F.R. §1910.119(c)(2)(i); (12) allowing the existence of

conditions that unreasonably exposed workers to cave-in hazards while conducting work

operations in violation of 29 C.F.R. §1926.651(j)(2); (13) failure to install or place guarding

necessary to protect workers from the hazard of impalement in violation of 29 C.F.R.

§1926.701(b); (14) failure to install railings necessary to protect workers from fall hazards in

violation of 29 C.F.R. §1910.23(c)(1); and (15) failure to provide instruction and training

regarding the proper use of respirators in the workplace in violation of 29 C.F.R.

§1910.134(k)(6).

        25.    Throughout his employment at the UNICOR facility, plaintiff was

repeatedly and consistently exposed to silica dust, vitreous fiber, perlite, slag wool, mineral wool

and other dangerous materials through aspiration and direct contact with plaintiff's skin, lungs,

sinuses and eyes.

26.    As a result of the dangerous conditions that were permitted to exist at the UNICOR facility, plaintiff sustained personal injuries, many of which are believed to be permanent in nature, including chronic respiratory problems, sinusitis, irritation and damage to his lungs, sinuses, eyes and skin and sensitization to materials.

27.    As a result of the dangerous conditions that were permitted to exist at the UNICOR facility, plaintiff has been placed at an increased risk of developing future diseases and health problems, including, but not limited to, cancer, Silicosis, Pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis.

## COUNT I

### *Kevin Siggers v. Individual Defendants*

28.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27 of this Complaint.

29.    At all time relevant to this case, the individual defendants were employees and policymakers at FCI-McKean and were acting under color of Federal law.

30.    The individual defendants, individually and in conjunction with one another, set policy with respect to working conditions at the UNICOR Facility

31.    The individual defendants also directly supervised plaintiff and other workers at the UNICOR Facility

32.    Based upon the actions identified above, the individual defendants acted with deliberate indifference to Plaintiff's health and safety.

33.    As a direct result of the individual defendant's actions and the safety and work policies they established, plaintiff has been exposed to hazardous materials and dangerous working conditions that have resulted in serious health problems and conditions, some of which

are believed to be permanent, and have placed plaintiff at an increased risk of developing future diseases, including, but not limited to, cancer, Silicosis, Pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis.

34.    The individual defendants' actions have resulted in the deprivation of plaintiff's rights under the Fifth and Eighth Amendments to the United States Constitution.

35.    The individual defendants are liable for the damages resulting from these constitutional deprivations pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

WHEREFORE, the plaintiff, Kevin Siggers, respectfully requests judgment in his favor and against John J. Lamanna, Debra Forsyth, Marty Sapko and Stephen Houseler for compensatory and punitive damages, attorney fees, interest and such other relief as this Court deems appropriate.

## COUNT II

### *Kevin Siggers v. United States of America*

36.    Plaintiff incorporates the allegations contained in paragraphs 1 through 34 of this Complaint.

37.    At all times relevant hereto, the individual defendants were employees of the United States of America and were acting within the scope of their employment.

38.    The individual defendants had a duty to care for the health and safety of plaintiff.

39.    The individual defendants had a duty to provide plaintiff with a safe working environment and with appropriate safety equipment, including appropriate respiratory and skin protection.

8

40.     The individual defendants breached their duties to plaintiff through their above-described actions, including their failure to provide a safe work environment and appropriate safety equipment.

41.     As a result of these breaches, plaintiff has been subjected to hazardous materials and dangerous working conditions that have resulted in serious health problems and conditions, some of which are believed to be permanent, and have placed plaintiff at an increased risk of developing future diseases, including, but not limited to, cancer, Silicosis, Pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis.

42.     Pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.* the United States is liable for the above-described negligent actions of the individual defendants.

WHEREFORE, the plaintiff, Kevin Siggers, respectfully requests judgment in his favor and against the United States of America for compensatory damages, attorney fees, interest and such other relief as this Court deems appropriate.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.


By: /s/ Richard A. Lanzillo, Esq.
        Richard A. Lanzillo
        Neal R. Devlin
        120 West Tenth Street
        Erie, PA  16501-1461
        (814)459-2800

        Attorneys for plaintiff,
        Kevin L. Siggers

# 651921

9