IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SIGGERS, | |
| PLAINTIFF, | |
| | Civil Action No. 03-355E |
| v. | |
| | Judge McLaughlin |
| MARTIN SAPKO, ET AL., | Magistrate Judge Baxter |
| DEFENDANTS. | (Electronic Filing) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

The Federal Defendants, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael C. Colville, Assistant U.S. Attorney, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc., now file this Reply Brief in support of their previously filed Motion to Dismiss or for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.

**A.    All of the Individually Named Defendants are Entitled to Qualified Immunity**

Summary judgment is appropriate with regard to all of the named Defendants based on the doctrine of qualified immunity.  A plaintiff may maintain an action for damages against a federal employee personally, thereby subjecting him or her to personal responsibility for payment of damages, for violating the plaintiff's constitutionally protected rights.  Davis v. Passman, 442 U.S. 228 (1979); Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, (1971).  The Supreme Court, however,  has held that federal executive officials, other than those performing adjudicatory or prosecutorial functions, are entitled to qualified good faith immunity from personal liability for civil damages. Saucier v. Katz, 533 U.S. 194 (2001); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Butz v. Economou, 438 U.S. 478 (1978).

"[G]overnment officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. See also Jeffers v. Gomez, 267 F.3d 895, 910-912(9th Cir. 2001). This is an "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511 (1985); see also Hunter v. Bryant, 502 U.S. 224 (1991) (*per curiam*). Therefore, once an individual raises qualified immunity in a Bivens action, the plaintiff cannot maintain the action against the federal official in his or her individual capacity unless the plaintiff can show that the defendant violated a clearly established Constitutional right. Siegart v. Gilley, 500 U.S. 226 (1991); Abdul-Akbar v. Watson, 4 F.3d 195 (3d Cir. 1993). This inquiry focuses on whether a reasonable official would have found the defendants' conduct to be illegal. Abdul-Akbar, 4 F.3d at 205; Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993), cert. denied, 114 S.Ct. 559 (1993). Normally, qualified immunity should be decided by the court before trial. Hunter, 502 U.S. at 227. See also Cunningham v. Gates, 229 F.3d 1271 (9th Cir. 2000). The Plaintiff has the burden of showing that the defendant federal employees violated his clearly established Constitutional rights. Zeigler v. Jackson, 716 F.2d 847 (11th Cir. 1983).

The Harlow rule on qualified immunity was further clarified by the Supreme Court in Anderson v. Creighton, 483 U.S. 635 (1987), as follows: "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action, ... assessed in light of the legal rules that were "clearly established" at the time it was taken." Id. at 639 (citation to Harlow omitted). Both questions are to be decided by the court. This standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly

2

violated the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 343 (1986)). As long as a defendant government employee could reasonably have thought his actions were consistent with the rights he was alleged to have violated, said employee is entitled to qualified immunity. Anderson, 483 U.S. at 638.

Government officials are not expected to be legal scholars like law professors. Ward v. San Diego County, 791 F.2d 1329, 1332 (9th Cir.), cert. denied sub nom., Duffy v. Ward, 483 U.S. 1020 (1987). The contours of the right allegedly violated must be sufficiently clear so that a reasonable government official would understand that his or her conduct violated the plaintiff's constitutional rights. Officers who reasonably but mistakenly conclude their conduct was lawful are entitled to immunity. Anderson, 483 U.S. at 641; Hunter, 502 U.S. at 228-229.

Furthermore, the Supreme Court recently clarified the standard for the qualified immunity defense, making it much more difficult for Plaintiff to prevail. Saucier v. Katz, 533 U.S. 194 (2001). In Saucier, the Court held that the lower courts had been ignoring a significant threshold question. Specifically, this Court must consider whether, "[t]aken in the light most favorable to the party asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 200-01. Only if Plaintiff's allegations make out a constitutional violation does the analysis move to the second sequential step, asking "whether the right in question was clearly established." Id. The Court went on to caution, however, that this second inquiry is not taken in a broad, general context, but must be "undertaken in light of the specific context of the case." Id. The reason for such an analysis is to avoid treating prison administrators as attorneys or holding them to an impossible standard. As such:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a

3

reasonable officer that his conduct was unlawful in the situation he confronted. Id. (internal citations omitted). Thus, if the law "did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. (citing Harlow v. Fitzgerald, 457 U.S. 800 (1982); Malley v. Briggs, 475 U.S. 335 (1986)).

In the present case, Plaintiff has not shown that Defendants violated any of his Constitutional rights. Therefore, he has failed to establish his burden of proof, as required by Saucier, Anderson and Harlow. Assuming for the sake of argument, however, that any of Plaintiff's allegations constituted violations of his Constitutional rights, none of those rights were so clearly established as to satisfy the second prong of the Saucier analysis.

Because none of Plaintiff's clearly established Constitutional rights were intentionally violated by any of the named Defendants, all of the Defendants are entitled to qualified immunity.[1]

---

[1] It is also noteworthy that staff and inmates assigned to the UNICOR factory work side-by-side, breath the same air, and are exposed to the same work environment. Staff assigned to the UNICOR factory at FCI McKean are provided with no additional protective equipment, nor have they requested additional protective equipment. Additionally, there is no indication that any staff member assigned to the UNICOR factory has ever filed a formal complaint or union grievance regarding the work conditions or environmental concerns at FCI McKean's factory. Likewise, there is no record of any staff member assigned to the factory seeking any medical treatment or care related to the air quality or environment within FCI McKean's UNICOR factory. In order for Plaintiff's allegations to be true, therefore, this Court would have to believe Plaintiff's nonsensical implication that, faced with an alleged environmental concern in their workplace, not a single FPI staff member or union official submitted any kind of grievance or complaint, or raised that matter at any of the regularly scheduled Labor-Management Relations Meetings. Yet, records do not reflect any such complaints or grievances submitted by any staff member or union official assigned to the UNICOR factory at FCI McKean.

B.  **The Fifth Amendment Substantive Due Process Clause Does Not Offer an Independent Avenue of Relief for Plaintiff**

It is not disputed by Plaintiff that he is entitled to no relief pursuant to the Fifth Amendment Due Process Clause for the conditions in the UNICOR factory. It is well settled that if a constitutional claim is covered by a specific constitutional provision, it must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  See U.S. v. Lanier, 520 U.S. 259, 272 n.7 (1997).  Any substantive due process claim raised by Plaintiff as a result of his alleged exposure to silica dust relates to a specific government behavior against which the Eighth Amendment explicitly protects.  Helling v. McKinney, 509 U.S. 25 (1993).  As such, Plaintiff cannot obtain relief pursuant to the Fifth Amendment Substantive Due Process Clause, and this claim must be dismissed with prejudice.[2]

C.  **There is no Basis Upon Which to Continue This Action Against Defendant LaManna**

Plaintiff alleges that Defendant LaManna is subject to personal liability, based solely upon the fact that he responded to Plaintiff's administrative remedies.  It is well settled, however, that "notice of [a prisoner's] problems which [defendants] may have received through the grievance system ... [is] insufficient to make them personally liable." Johnson v. Million, 2003 WL 1194249 at *1 (6th Cir. (March 7, 2003); accord, Etheridge v. Evers, 326 F.Supp.2d 818, 823 (E.D.Mich. 2004)("Claims which are based simply on the denial of a grievance do not state a claim of constitutional dimension.").  As such, Plaintiff has alleged no affirmative act or

---

[2] In fact, in a recent opinion dealing with exposure to environmental tobacco smoke (ETS) in the UNICOR factory in FCI Allenwood, the Middle District of Pennsylvania, noted that, "Plaintiff's ETS-related allegations are properly brought under the Eighth Amendment," not the Fifth Amendment Due Process Clause.  Wilkins v. Bittenbender, 3:CV-04-2397 (M.D. Pa. 2006).

5

omission Defendant LaManna which would subject him to liability in this lawsuit. Bracey v. Grenoble, 494 F.2d 566 (3rd Cir. 1974). Therefore, Defendant LaManna must be dismissed from this action.[3]

**D.  Count Two of Plaintiff's Second Amended Complaint, Alleging Negligence Relating to the Conditions in the Factory, Must be Dismissed for Lack of Subject Matter Jurisdiction**

Plaintiff does not dispute Defendants' argument that this Court lacks jurisdiction over Plaintiff's negligence claim with respect to conditions within the UNICOR factory. As such, that claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3rd Cir. 2000); Mortensen v. First. Fed. Sav. And Loan Ass'n., 549 F.2d 884, 891 (3rd Cir. 1977).

Title 28 U.S.C. § 2675(a) requires a claimant submitting a claim pursuant to the Federal Tort Claims Act (FTCA) to "first presented the claim to the appropriate Federal agency." Until such a claim is denied in writing by the agency, it is not ripe for judicial review. McNeil v. United States, 508 U.S. 106 (1993). These provisions are clear and mandatory. McNeil, 508 U.S. at 111-13; Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3d Cir. 1994)(noting that administrative exhaustion under FTCA is mandatory and the Supreme Court "firmly rejected" the "no harm, no foul" reasoning); Melo v. United States, 505 F.2d 1026, 1028 (8th Cir. 1974); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (requiring a claim be submitted to and finally denied by the appropriate federal agency before filing a lawsuit); Wilder v. Luzinski, 123 F.Supp.2d 312, 313-14 (E.D.Pa. 2000). Thus, if a plaintiff files suit without first having submitted a timely claim for administrative adjustment, the suit must be dismissed. McNeil, 508

---

[3] Although Plaintiff's brief references Defendants Klark, Reome, and Fantaskey, none of these individuals have ever been Defendants in this action.

U.S. at 112-13.  Additionally, the failure of an individual to properly exhaust cannot be cured simply by exhausting and then amending the complaint.  Sparrow v. US Postal Service, 825 F.Supp. 252, 254-55 (E.D.Cal. 1993).

In this case, Plaintiff filed the complaint in this civil action with this Court on December 9, 2003.  See Docket No. 5.  At that time, although Plaintiff alleged a negligence claim in his complaint, he had not submitted any administrative tort claims relating to the allegations against FCI McKean.  Nor has he attempted to resolve this matter administratively since that time.  See Declaration of Joyce Horikawa ¶ 3-4.

Therefore, because Plaintiff did not exhaust his available administrative remedies under the FTCA, this Court lacks subject matter jurisdiction over the FTCA portion of this lawsuit.  28 U.S.C. § 2675(a); McNeil, supra.  Thus, the Second Count of Plaintiff's Second Amended Complaint must be dismissed.[4]

### E. Plaintiff has not Satisfied the Substantive Requirements to Justify Rule 56(f) Discovery

In a separate affidavit attached to Plaintiff's Response, he seeks to conduct discovery pursuant to Fed. R. Civ. P. 56(f).  Rule 56(f) grants a district court discretion to delay action on a motion for summary judgment

---

[4] To the extent this Court finds it does have jurisdiction to consider Plaintiff's negligence claim, any claim filed pursuant to the FTCA relating to the UNICOR is barred by the Prison Industries Fund, 18 U.S.C. § 4126(c)(4), which provides procedures for compensating inmates who have been injured at their institution work assignment.  U.S. v. Demko, 385 U.S. 149, 151-52, 87 S.Ct. 382, 384 (1966); Joyce v. United States, 474 F.2d 215, 219 (3rd Cir. 1973)(discussing the same issue with respect to the analogous FECA statute); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996)(Demko establishes that 18 U.S.C. § 4126 is the exclusive remedy against the government); Aston v. U.S., 625 F.2d 1210, 1211 (5th Cir. 1980)(citing Demko); Granade v. U.S., 356 F.2d 837, 840-41 (2nd Cir.), cert. denied 385 U.S. 1012, 87 S.Ct. 720 (1967).

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).  Although Plaintiff may have satisfied the technical requirements of Rule 56(f), he has not satisfied the substantive requirements.  Specifically, Rule 56(f) requires Plaintiff to "specify 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'"  Pastore, 24 F.3d at 511  (quoting Dowling, 855 F.2d at 140).  See also Scott v. Graphic Communications Int'l Union, 2004 WL 516164, *2 (3d Cir., Mar. 17, 2004).  The party opposing summary judgment must be specific and provide all three types of information required.  See Radich v. Goode, 886 F.2d 1391, 1393-95 (3d Cir. 1989).  In addition, as the Rule states, a party invoking Rule 56(f) "must persuade the court that they 'cannot for reasons stated present by affidavit facts essential to justify [their] opposition.'"  Bobian v. CSA Czech Airlines, 232 F.Supp.2d 319, 323 (D.N.J. 2002), aff'd., 2004 WL 628864 (3rd Cir. 2004).

      Plaintiff has failed to provide the Court with the information required by Rule 56(f). He has submitted a mere skeletal brief which fails to even mention how the information he seeks in his discovery request would preclude summary judgment.  Additionally, his affidavit is unnecessarily broad.  To be sure, although he lists two general topics which he intends to seek through discovery, the affidavit refers to these as some, "among other subject" for which he seeks discovery.  However, he provides absolutely no information as to what those other subjects are, or how they will preclude summary judgment.  Accordingly, he has not met the requirements of Rule 56(f) and his request for discovery must be denied.  See Pastore v. Bell Telephone Co. Of

8

Pa., 24 F.3d 508, 511 (3rd Cir. 1994) (Rule 56(f) request is insufficient where party failed to explain how the additional desired discovery pertained to their case,); Bobian, 232 F.Supp. 2d at 323.

Therefore, Plaintiff's request for discovery Pursuant to Rule 56(f) should not be granted. Plaintiff will have a full and fair opportunity to seek discovery at the appropriate time, if necessary. To the extent, however, that Plaintiff's request is granted. The discovery must be limited in scope only to those matters which are specifically enumerated in Plaintiff's affidavit.

WHEREFORE, for the reasons stated above, Defendants' respectfully request that the Court grant Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, or, in the Alternative, for Summary Judgment.

                                    Respectfully Submitted,

                                    MARY BETH BUCHANAN
                                    United States Attorney

                                    /s/ Michael C. Colville
                                    MICHAEL C. COLVILLE
                                    Assistant U.S. Attorney
                                    Western District of PA
                                    U.S. Post Office & Courthouse
                                    700 Grant Street, Suite 4000
                                    Pittsburgh, PA 15219
                                    (412) 894-7337
                                    PA ID No. 56668

OF COUNSEL:
Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** was served, by either electronic means or by postage paid U.S. Mail, to and upon the following:

> Richard A. Lanzillo, Esquire
> Knox McLaughlin Gornall & Sennett, P.C.
> 120 West Tenth Street
> Erie, PA 16501-1461

    /s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney

Dated: April 11, 2006