# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-160E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-323E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LESLIE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-368E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KEVIN SIGGERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-355E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

11-15-06   cc: CC & Golding

| | |
|---|---|
| MYRON WARD, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 04-11E |
| | ) |
| v. | ) JUDGE McLAUGHLIN |
| | ) MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' FIRST SET OF INTERROGATORIES

TO:  Plaintiffs, KENNY HILL, MICHAEL HILL, LESLIE KELLY,
     MYRON WARD, KEVIN SIGGERS
     c/o Richard A. Lanzillo, Esquire
     Knox McLaughlin Gornall & Sennett, P.C.
     120 West Tenth Street
     Erie, PA 16501-1461

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants respectfully request that the above named Plaintiffs produce the information or documents requested herein, within thirty (30) days from the date of service of this Request for Production.

### DEFINITIONS

(1)   Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)   Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. The term document includes any written or recorded transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiffs or their agents.

(3)   Identify (With Respect to Person or Entities). When referring to a person, "to identify" means to give, to the extent

known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5) Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

(1) The claimant must state the particular rule or privilege upon which the claim is based.

(2) There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

(3) When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the

privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

### INTERROGATORIES

1. Please identify each and every expert you have retained and intend to call as a witness in the trial of this matter.

   ANSWER:

2. Please identify each and every permanent injury that you have sustained as a result of the alleged dangerous condition that was permitted to exist at the UNICOR facility at FCI McKean.

   ANSWER:

3. Regarding your answer to Interrogatory No. 2, identify the name, address and telephone number of the doctor or medical care provider who diagnosed the permanent injury.

   ANSWER:

4. Regarding your answer to Interrogatory No. 2, please describe in detail the symptoms of each permanent injury.

ANSWER:

5. Regarding your answer to Interrogatory No. 2, please identify:

    a. the name, address and telephone number of any individual who was/is employed at FCI McKean who you reported your injury to;

    b. the date that you reported your injury to an employee of FCI McKean.

ANSWER:

6. Please identify and describe any injury you claim to have sustained as a result of the alleged dangerous condition at the UNICOR facility which is/was not permanent.

ANSWER:

7. Regarding your answer to Interrogatory No. 6, please describe in detail the symptoms of each injury identified in Interrogatory No. 6.

ANSWER:

8. Regarding your answer to Interrogatory No. 6, please state the date you last had the symptom(s) or the date the symptom(s) ended.

ANSWER:

9. Regarding your answer to Interrogatory No. 6, please identify:

    a. the name, address and telephone number of any individual who was/is employed at FCI McKean who you reported your injury to;

    b. the date(s) that you reported your injury to an employee of FCI McKean.

ANSWER:

10. Please identify the name, address and telephone number of any physician or medical care provider who has diagnosed, treated, and/or told you that you have been placed at an increased risk of developing future diseases and health problems, including, but not limited to cancer, silicosis, pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis?

ANSWER:

11. Please state and describe whether there is a history of cancer, silicosis, pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis in your immediate family medical history.

ANSWER:

12. Please state whether you have ever used or smoked any tobacco products, marijuana or other illegal drug(s).

ANSWER:

13. Regarding your answer to Interrogatory No. 11, please state or identify:

    a. the substance used;

    b. the date you began to use the substance;

    c. the amount of the substance that you used on a daily, weekly, monthly basis;

    c. the date you last used the substance.

ANSWER:

14. Please state the name, address and telephone number of any and all witnesses you expect to call in the trial of this matter.

ANSWER:

15. Regarding your allegation that the ventilation at the UNICOR facility was insufficient to prevent dangerous airborne accumulation of silica dust and other manufacturing byproducts, please identify and describe what evidence you have that supports this allegation.

ANSWER:

8

16.  Regarding your allegation that one or more of the Defendants altered Micore board MSDS documents, please identify and describe what evidence you have that supports this allegation.

ANSWER:

17.  Regarding your allegation that Defendants failed and refused to make respirators available to you, please identify and state:

   a.  the name of the Defendant who refused to make respirators available;

   b.  the name of the Defendant that you requested a respirator from;

   c.  the date that you first requested a respirator.

ANSWER:

18.  During your employment at the UNICOR facility did you wear a "Breathe Easy" garden mask? If so, please state when and how often you wore the mask when you worked on the UNICOR factory floor.

ANSWER:

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
(412) 894-7337
PA ID No. 56668

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2006, a true and correct copy of the within DEFENDANTS' FIRST SET OF INTERROGATORIES was served by mail upon the following:

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501-1461


_____
MICHAEL C. COLVILLE
Assistant U.S. Attorney