```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL HILL, et al.,              )
        Plaintiffs        )    CIVIL ACTION NO. 03-323  ERIE
                          )    CIVIL ACTION NO. 03-355  ERIE
    v.                           )    CIVIL ACTION NO. 03-368  ERIE
                          )    CIVIL ACTION NO. 04-11   ERIE
JOHN LAMANNA, et al.,              )
        Defendants        )


## CASE MANAGEMENT CONFERENCE

Proceedings held before the HONORABLE SEAN J. McLAUGHLIN, U.S. District Judge, and the HONORABLE SUSAN PARADISE BAXTER, Chief U.S. Magistrate Judge, in Judge's Chambers, U.S. Courthouse, Erie, Pennsylvania, on Thursday, August 24, 2006.


APPEARANCES:

    RICHARD A. LANZILLO, Esquire, and NEAL DEVLIN, Esquire, appearing on behalf of the Plaintiffs.

    MICHAEL C. COLVILLE, Assistant United States Attorney, and DOUGLAS GOLDRING, Assistant General Counsel, Federal BOP, appearing on behalf of the Defendants.


Ronald J. Bench, RMR - Official Court Reporter

2

P R O C E E D I N G S

(Whereupon, the proceedings began at 2:00 p.m., on Thursday, August 24, 2006, in Judge's Chambers.)

JUDGE BAXTER: Let me call the cases. Michael Hill v. Lamanna. Kevin Siggers v. Lamanna. Leslie Kelly v. Marty Sapko. Myron Ward v. Lamanna.

JUDGE McLAUGHLIN: As you know, it should have been filed in the last day or so, my order that adopted the R and R that had been filed by the magistrate judge. I just wanted to stop over here briefly this afternoon for a couple of reasons. One, these are old cases. And the reality of them is that if they are not disposed of and/or tried by the end of September, they become three-years-old by March. That still is within striking distance of them becoming three-year-old cases. And in the absence of a consent, I will have these cases landing on my desk to try or otherwise. And while we have been involved in the capacity of a reviewing court, we have not really been intimately involved in these cases from the beginning as the magistrate judge and her staff. So more on that just before I leave. But just a couple of real quick things. Food for thought, then I'm going to leave. Against the possibility that these cases do not go away, for instance, by way of settlement, has anybody given any thought here, with the possible exception

1  of this floating dental claim, to the question of
2  consolidation?
3           MR. LANZILLO:  We've given it some thought.
4           JUDGE McLAUGHLIN:  What's your thought?
5           MR. LANZILLO:  The cases are appropriate for
6  consolidation.
7           JUDGE McLAUGHLIN:  Do you agree with that?
8           MR. COLVILLE:  I think we do.
9           JUDGE McLAUGHLIN:  We have by and by, a
10 consolidation order will be entered.  What about the dental
11 claim?
12          MR. GOLDRING:  That is just a completely separate
13 issue.  And only relates to one inmate, doesn't have anything
14 to do with the others.
15          MR. COLVILLE:  That is non-jury.
16          JUDGE McLAUGHLIN:  That is a Tort Claims Act.
17          MR. COLVILLE:  I think that's the only FTCA.
18          MR. GOLDRING:  You have a _Bivens_ action as part of
19 the tort.
20          JUDGE McLAUGHLIN:  I might have been wrong, I
21 thought the _Bivens_ part of that claim was dismissed.
22          MR. GOLDRING:  Only in part.
23          JUDGE McLAUGHLIN:  In any event, the loose ends
24 could be cleaned up, but the major point is the particle cases,
25 that aspect of them are consolidated.  She's going to give you

4

a discovery schedule and everything presently, but under this objective and subjective test, looking at the objective component of it, whether or not there is a reasonable likelihood that these people will suffer harm in the future as a result of the inhaling of particulate matter, I ask this just rhetorically, but aren't you going to need an expert on that to clear that next hurdle?

MR. LANZILLO: We anticipate retaining two to three experts, judge, yes.

JUDGE McLAUGHLIN: All right. And, finally, this call is yours, but in terms of, you've already had a massive round of briefing here, it seems to me, I'm hard pressed to figure out what intensive additional fact discovery you're going to need. It seems to me you're not moving into the expert phase of your case -- just quickly, what are you going to need to get this thing wrapped up, from your standpoint?

MR. LANZILLO: Judge, within the next 10 days we'll be sending out an initial set of written discovery, requests for production and interrogatories. The bulk of that request will focus on documents. Many of which I'm sure have already been provided in connection with the motions for summary judgment. But there have been no informal initial disclosures, nor have there been any document requests. So, for example, I'm aware that there is a FCI McKean inmate handbook which we want to specifically request. We need some information

1    regarding --

2         JUDGE McLAUGHLIN:  I don't mean to cut you off, that
3    will all be in your requests.  You'll have an initial round of
4    production requests that will be going out.  What do you
5    anticipate beyond that?

6         MR. LANZILLO:  Interrogatories, primarily oriented
7    interrogatories in terms of inmates who utilized the particular
8    equipment, with in particular third-party staff and third-party
9    contractors who we need to identify.  Beyond that, we don't
10   anticipate much in the way of depositions.

11        JUDGE McLAUGHLIN:  How many depositions are you
12   planning to take?

13        MR. LANZILLO:  Party depositions, of course.  Warden
14   Lamanna.  Ms. Forsyth.  Marty Sapko.  Stephen Housler.

15        JUDGE McLAUGHLIN:  Where is Lamanna now?

16        MR. GOLDRING:  I don't remember where he is right
17   now.  I know he's not the warden at McKean right now.

18        MR. LANZILLO:  Judge, that may present a logistical
19   issue.  Then the last item, which may require some
20   pre-planning.  We do anticipate having at least consulting
21   experts, probably an industrial hygienist on the silica dust
22   claim.  He or she would probably need to see the facility, even
23   though things very likely changed, they need access.

24        MR. GOLDRING:  They don't run that factory anymore
25   at all.

```
 1              MR. LANZILLO:  When did they discontinue operations?
 2              MR. GOLDRING:  I think in 2004.  UNICOR shifted its
 3   focus away from lots of the office furniture products and
 4   converted a lot of the furniture factories into other
 5   factories.  I believe they're doing a different operation there
 6   now, I'm not a hundred percent certain that's what it is now.
 7              MR. LANZILLO:  If there is a nothing reminiscent of
 8   the conditions that existed at the time, then there is no point
 9   doing a site visit, we'll work from the records.
10              JUDGE McLAUGHLIN:  What about you?
11              MR. COLVILLE:  We're going to want to the take the
12   depositions of the plaintiffs.  We're going to want independent
13   medical examinations.  I think some short and sweet
14   interrogatories.  We may need to take the deposition of the
15   OSHA people involved with the inspection themselves.  I think
16   that's about it.
17              JUDGE McLAUGHLIN:  All right.
18              MR. COLVILLE:  We also have some experts as well,
19   that will need to be retained in this case.
20              JUDGE BAXTER:  Before you go, judge, it's my
21   understanding that you might be considering another round of
22   summary judgment motions?
23              MR. COLVILLE:  Well, I think so.
24              JUDGE McLAUGHLIN:  We've had two rounds of
25   dispositive motions.  While you're here, I want you know to
```

1  know my feeling on it.  My feeling on it is, unless there's
2  something really new, we want to keep this case moving.  I
3  can't even imagine what you could bring up that we haven't
4  seen?
5          MR. COLVILLE:  I don't know, either.  I'll tell you
6  now that we won't file the same motion for summary judgment.
7  If there's not additional information that we think supports
8  the filing of a summary judgment motion, then we will not.  If
9  there's an opportunity to speak off the record, I would like to
10 talk at some point.
11         JUDGE McLAUGHLIN:  Here's the deal on that.  But as
12 I told you, I'm glad you reminded me, it's March rather than
13 September, but this case has been dragging around for a long
14 time.  And whatever discovery period she gives you, I want it
15 to come out such that the filing of any renewed -- we can't
16 stop you from filing them, I'm not going to say we're not going
17 to take it, but I'm not going to delay this case getting
18 disposed of.  So if you're going to file a dispositive motion
19 for summary judgment -- September, October, November -- you've
20 got to do it on before December 15th.  And if you're going to
21 respond to the summary judgment motion, which I presume you
22 would, if one is filed, you've got to do it within 20 days
23 thereafter.  That will give us enough time to dispose of the
24 motions.  Then if it's not granted, there will be enough time
25 to get you in for a pretrial conference and do everything we

```
 1  need to do on that.  All right, let's go off the record.
 2              (Discussion held off the record.)
 3
 4              (Whereupon, the proceedings were concluded.)
 5
 6                              - - -
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3
 4
 5       I, Ronald J. Bench, certify that the foregoing is a
 6   correct transcript from the record of proceedings in the
 7   above-entitled matter.
 8
 9
10
11
12   _____
13   Ronald J. Bench
```